# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TODD GROHOWSKI,

    Plaintiff,

    v.

STATE FARM INSURANCE,

    Defendant,

CIVIL ACTION NO. 3:10-CV-193

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Motion to Dismiss of Defendant State Farm Insurance ("State Farm"). (Doc. 3.) For the reasons discussed more fully below, this motion will be granted.

## BACKGROUND

The facts alleged in the Complaint are as follows. On August 17, 2005, Plaintiff Todd Grohowski was involved in a motor vehicle accident while operating a truck owned by his employer. (Compl. ¶ 4.) The employer's truck was covered by an insurance policy issued by Defendant State Farm. (Compl. ¶ 5.) At the time of the accident, Plaintiff owned a vehicle that was registered in the Commonwealth of Pennsylvania, but the car had been inoperable for months. (Compl. ¶¶ 7, 11, 55.) Because Plaintiff's car was inoperable, he modified the insurance policy he maintained with Allstate Insurance to include only comprehensive coverage; this modification was done on the advice of Plaintiff's insurance agent and/or Allstate Insurance. (Compl. ¶ 8.) Plaintiff modified his insurance coverage shortly before the motor vehicle accident occurred (Compl. ¶ 8); as such, at the time of the accident, Plaintiff owned a motor vehicle that was registered in the Commonwealth of Pennsylvania that only had comprehensive coverage.

As a result of the accident, Plaintiff suffered injuries to his neck and back and has treated with several doctors. (Compl. ¶¶ 20-22.) Plaintiff submitted an Application for Benefits with State Farm on September 19, 2005. (Compl. ¶ 24.) State Farm stated that it would not pay first party medical benefits for Plaintiff. (Compl. ¶ 28.)

On December 29, 2009, Plaintiff filed a Complaint in the Court of Common Pleas of Luzerne County seeking declaratory judgment stating that Plaintiff is entitled to first party coverage from State Farm (Count I), breach of contract (Count II), and bad faith pursuant to 42 PA. STAT. ANN. § 8371 (Count III).[1] On January 25, 2010, Defendant removed the case to federal court. (Doc. 1.) On January 26, 2010, Defendant filed a Motion to Dismiss. This motion has been fully briefed and is currently ripe for disposition.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair

---

[1] Plaintiff withdrew his bad faith claim in his brief in opposition to the instant motion. As such, this Court will not address this claim.

2

notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

Pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law ("the Financial Responsibility Law"), "[a]n owner of a currently registered motor vehicle who does not have financial responsibility . . . cannot recover first party benefits." 75 PA. STAT. ANN. § 1714. "Financial responsibility" is defined as:

> The ability to respond in damages for liability on account of accidents arising out of the maintenance or use of a motor vehicle in the amount of $15,000 because of injury to one person in any one accident, in the amount of $30,000 because of injury to two or more persons in any one accident and in the amount of $5,000 because of damage to property of others in any one accident.

75 PA. STAT. ANN. § 1702.

Pennsylvania state courts have strictly construed the language in the Financial Responsibility Law as it relates to first party medical benefits. The Supreme Court of Pennsylvania has held that § 1714 unambiguously states that "an owner of a currently registered motor vehicle [is] ineligible to recover first-party benefits when the owner fails to meet the requirements of financial responsibility as detailed in the [Financial Responsibility Law]." *Swords v. Harleysville Ins. Co.*, 883 A.2d 562, 568 (Pa. 2005). Furthermore, the court noted that the Pennsylvania legislature "did not qualify this preclusion by limiting its reach" and that the court was not at liberty to add a qualification "in the face of the clear and unambiguous words of Section 1714." *Id.* Other Pennsylvania courts have held that § 1714's exclusion applies to owners of registered but inoperable motor vehicles whose insurance coverage does not meet the Financial Responsibility Law's definition of "financial responsibility." *See Allen v. Erie Insurance Company*, 534 A.2d 839, 841-42 (Pa. Super. 1987) (holding operability of vehicle is not a consideration in determining whether plaintiff

4

is entitled to first party medical benefits); *see also Kresge v. Keystone Ins. Co.*, 567 A.2d 739, 741 (Pa. Super. 1989) (holding "the only way a vehicle owner can be absolved of the responsibility to insure a vehicle registered in that person's name, whether or not the vehicle remains operable or even in that person's possession, is to have the registration of the vehicle properly terminated or transferred," where plaintiff's inoperable uninsured vehicle had been transferred to junkyard but was still registered).

Plaintiff argues that public policy requires this Court to hold that State Farm is responsible for first party medical benefits for Plaintiff. He attempts to distinguish this case from the cases cited above on two premises: 1) he relied on advice from Allstate in modifying his coverage such that it no longer complied with the Financial Responsibility Law, and 2) he was driving a commercial vehicle at the time of the accident. This Court is not persuaded by either argument.

As for the first argument, it is unclear why Plaintiff's reliance on Allstate's advice should make State Farm culpable for his loss. If Plaintiff relied on Allstate's advice and that advice was in contradiction to the plain terms of the Pennsylvania Financial Responsibility Law, it does not follow that State Farm should have to pay first party medical benefits despite the clear language of the statute.

Regarding the second argument, the Pennsylvania Supreme Court was clear in *Swords* when it held that the Pennsylvania legislature purposely drafted the Financial Responsibility law to preclude any person who owns a registered car that does not have insurance coverage that meets the definition of "financial responsibility" from receiving first party medical benefits. The language of the statute is clear and unambiguous and Pennsylvania courts have refused to read any qualifications or loopholes into it, as does this

Court. The fact remains that Plaintiff owned a registered motor vehicle at the time of the accident, but did not have the requisite coverage to satisfy the definition of "financial responsibility." Therefore, he is precluded from receiving first party medical benefits under the clear and unequivocal language of § 1714. Defendant's Motion to Dismiss will be granted.

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). In light of the clear caselaw in Pennsylvania that has held that plaintiffs in similar factual scenarios as Grohowski are precluded from receiving first party benefits pursuant to § 1714, and the Pennsylvania Supreme Court's holding that the language of § 1714 is clear, unambiguous and without qualifiers, any amendment to Plaintiff's Complaint would be futile.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motions to Dismiss will be granted. An appropriate order follows.

May 21, 2010 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD GROHOWSKI, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-193 |
| v. | (JUDGE CAPUTO) |
| STATE FARM INSURANCE, | |
| Defendant, | |

## ORDER

**NOW**, this 21st day of May, 2010, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Docs. 3) is GRANTED. The Clerk of Court shall mark this case as **CLOSED**.

　　　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　United States District Judge